IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

SEPTEMBER 1998 SESSION



FILED

October 16, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9712-CR-00538 |
| | ) | |
| | ) | Sullilvan County |
| v. | ) | |
| | ) | Honorable Phyllis H. Miller, Judge |
| | ) | |
| STEVE ANTHONY RUTH, | ) | (Attempt to obtain a controlled substance |
| | ) | by fraud) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Stephen M. Wallace
District Public Defender
   and
Richard Tate
Assistant Public Defender
P.O. Box 839
Blountville, TN 37617-0839

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
   and
Todd R. Kelley
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

H. Greeley Wells, Jr.
District Attorney General
   and
Edward Wilson
Assistant District Attorney General
P.O. Box 526
Blountville, TN 37617-526

OPINION FILED:_____

AFFIRMED PURSUANT TO RULE 20

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Steve Anthony Ruth, appeals as of right from his conviction in the Sullivan County Criminal Court following a jury trial for attempt to obtain a controlled substance by fraud, a Class D felony. The defendant was sentenced as a Range II, multiple offender to five years in the custody of the Department of Correction to be served consecutively to prior sentences, and he was fined two hundred fifty dollars. The defendant contends that the evidence is insufficient to support his conviction. We affirm the judgment of conviction pursuant to Rule 20, Tenn. Ct. Crim. App. R.

Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This means that we do not reweigh the evidence, but presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

When viewed in the light most favorable to the state, the proof at trial established that the defendant obtained a prescription pill bottle for Klonopin, a schedule IV narcotic, from Martin P. Roche, the defendant's friend. The prescription had two refills remaining. The defendant took the bottle to Berry's Pharmacy in Kingsport to attempt to have it refilled. When the pharmacist at Berry's called Cave's Pharmacy, where the prescription had been filled originally, the pharmacist learned that Mr. Roche had reported his prescription stolen. The pharmacist at Berry's called 9-1-1, and the police arrived at Berry's and arrested the defendant. The defendant made a

2

statement to the police in which he said, "I knew trying to fill it was wrong, but I needed, I needed it to calm my nerves."

After full consideration of the record, the briefs, and the law governing the issue presented, we are of the opinion that the evidence is sufficient to support the defendant's conviction for attempt to obtain a controlled substance by fraud and that no precedential value would be derived from the rendering of a full opinion. Therefore, we conclude that the judgment of the trial court should be affirmed pursuant to Rule 20, Tenn. Ct. Crim. App. R.


_____
Joseph M. Tipton, Judge


CONCUR:


_____
John H. Peay, Judge


_____
David G. Hayes, Judge